Francis J. Olohessy, J.
The District Attorney has moved to dismiss the indictment in the above-entitled ease. The charge involved is murder in the second degree. The motion is based upon the opinions of two psychiatrists concerning the mental condition of the accused person at the time of the act resulting in death.
According to the moving papers, the defendant, an unmarried female of 18 years of age, and while unattended, gave birth to a child on March 28, 1957. Thereafter and on April 20, 1957 the body of such child was found near the family home. An autopsy revealed that death had been due to a laceration, or puncture of the heart caused by a sharp pointed instrument.
*429 On April 26, 1957 the Grand- Jury presented the indictment to the Supreme Court. By order of that court the indictment was sent to County Court for disposition. Upon arraignment the defendant entered a plea of not guilty by reason of insanity.
In support of the motion the prosecuting officer has advanced several grounds for dismissal. These seem to center in the belief that the opinions of the psychiatrists are controlling and decisive.
Such contention is not convincing because of the rule that the question of the weight, effect and application properly to be accorded to the opinion of a psychiatrist is for the trial court.
Among the reasons for such rule is. that the opinion of a psychiatrist is only one element of proof. It may be a part but not all of the evidence.
That such rule is practicable is found in the fact that the two examinations of defendant by psychiatrists, and the reports of which were submitted by the prosecution on this motion, were made on October 17, 1957, and on November 25, 1957, and more than seven and eight months, respectively, after the act and death.
The purpose of opinion evidence is not to control or decide but to aid, advise and enable the trial court to carry out properly the function of arriving at a sound conclusion from all of the facts in the case.
In other words, the opinion of a psychiatrist may be viewed as advisory and is to be weighed by the trial court with all the other evidence and regarded or disregarded as such court may decide.
To grant this motion solely on the two opinions would be to dispose of a serious matter on part, as distinguished from all, of the evidence. This would be contrary to the rule.
The presumption is that the indictment was based upon legal and sufficient evidence. The reasonable conclusion is that without such evidence there would have been no indictment.
What effect the opinions of the psychiatrists would have had on the action of the Grand Jury is purely speculative. The minds of 20 persons were involved. The work of that body should be recognized and respected and not set aside and discarded upon surmise or conjecture.
There is no requirement that the People must prove intent by direct evidence. Intent is the product of a secret mental operation. One cannot look inside of another person’s head and examine what is going on in there.
*430 However, one can determine what is in a person’s mind by what she does and by what she says. Therefore, in determining the question of intent the trial court may take into consideration the words and actions of the defendant, and all of the facts and circumstances surrounding them.
Hence the duty of the prosecuting officer is to submit all legal evidence available and the corresponding duty of the trial court is to determine from such evidence the question as to the existence of intent.
This same rule may apply to the other elements of the crime set forth in the indictment and to the defense of insanity.
To summarize the foregoing is in order. An indictment founded upon the untimely death of an innocent child should not be brushed aside by motion based upon opinion evidence alone. Such indictment should be disposed of by trial and with an open, full and diligent disclosure and presentation of all the facts to the Judge, or Judge and jury, constituting the trial court.
Motion is denied.